IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| CLAY JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C/A No. 3:08-0177-CMC |
| v. ) | |
| ) | **OPINION AND ORDER** |
| PRESTON CYCLES, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Defendant's motion for summary judgment. For the reasons set forth below, the motion is denied.

**STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). When the nonmoving party has the ultimate burden of proof on an issue, the moving party must identify the parts of the record that demonstrate the nonmoving party lacks sufficient evidence. The nonmoving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Celotex*

*Corp. v. Catrett*, 477 U.S. 317 (1986).

A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985). Therefore, "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." *Ennis v. National Ass'n of Bus. & Educ. Radio, Inc.*, 53 F.3d 55, 62 (4th Cir. 1995).

## DISCUSSION

The complaint sets forth a single cause of action under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 (USERRA). The relevant portion of USERRA prohibits an employer from discharging a covered individual during certain periods of time after reemployment except for cause. 38 U.S.C. § 4316(c). It is undisputed that Plaintiff was subject to protection under the statute and was terminated immediately upon his return from military duty, which is within the period when the prohibition on termination except for cause is applicable.

Cause in the USERRA context refers to any reason for discharge that is not arbitrary or made in order to avoid the statute's requirement that military service members not be discharged because of their protected military service. *See, e.g., Francis v. Booz, Allen & Hamilton, Inc.,* 452 F.3d 299 (4th Cir. 2006) (explaining that case law interpreting predecessor statute should be relied on unless it was in direct conflict with USERRA); *Keserich v. Carnegie-Illinois Steel Corp.,* 163 F.2d 889 (7th Cir. 1947) (interpreting predecessor statute). The burden of proving cause rests on the employer. *Francis*, 452 F.3d at 308 (quoting 20 C.F.R. § 1002.248(a)(2006) and noting that "because employers have the burden of proving that the discharge was reasonable, it is difficult for employers to achieve summary judgment on claims under § 4316(c)").

Defendant asserts that it terminated Plaintiff for two reasons, either of which would

2

constitute cause. First, Defendant asserts that it had cause to terminate Plaintiff because he was identified as one of several employees with low sales. According to Defendant, this identification occurred before Plaintiff's last military duty (a thirty-day duty period) and was part of a broader look at reducing the work force due to a downturn in business. Second, Defendant asserts that it had cause to terminate Plaintiff because he used his office email account to forward a non-work related (and offensive) email to other employees. Both the personal use of the office email account and the forwarding of an offensive email violated company policy. The email at issue was sent during the thirty-days preceding Plaintiff's termination which was also while he was on military leave. According to Defendant, it advised Plaintiff of both of these reasons at the time of his termination but allowed him the option of having only the low sales listed as the official reason for the termination.

Plaintiff does not dispute that he sent the email or that it was offensive, although he offers extenuating circumstances. Neither has he offered evidence that his sales were not low relative to other employees. However, Plaintiff proffers other evidence from which a jury might find that his termination was not for either or both of these reasons. If a jury were to credit Plaintiff's evidence, it could find that the termination was not "for cause" as contemplated by USERRA. Plaintiff's evidence includes the following:

(1)    his supervisor frequently commented negatively regarding his weekend military duty, specifically that the weekend military duty was causing Plaintiff to miss sales or have low sales numbers;

(2)    on the day of his return from military duty, Plaintiff found another individual at his desk;

(3)    when Plaintiff questioned his supervisor about the other individual, the supervisor first

confronted Plaintiff with two credit applications allegedly found in Plaintiff's desk which had not been completed or properly forwarded;[1]

(4) when Plaintiff showed that the applications were not his, his supervisor commented on the inappropriate e-mail, prompting Plaintiff to ask if the supervisor was looking for a reason to fire Plaintiff;

(5) the supervisor then attended a lengthy meeting after which he informed Plaintiff that he was being terminated for low sales numbers;

(6) Plaintiff denies that he was given a choice of termination reason;

(7) while the supervisor attended the meeting, Plaintiff spoke with the financial manager who advised Plaintiff that the supervisor had stated during Plaintiff's military duty that Plaintiff would be terminated upon his return for failing to give adequate advance notice of his latest military duty leave requirement[2]; and

(8) the financial manager has submitted an affidavit in which he confirms he was so advised by Plaintiff's supervisor during Plaintiff's military absence.

**CONCLUSION**

In light of the above evidence, the court concludes that a reasonable jury could find that the reasons now stated by Defendant for Plaintiff's termination were not the true reasons for Plaintiff's termination and that the true reason did not constitute a for-cause termination under USERRA. Defendant's motion is, therefore, denied. The matter shall proceed to trial under the schedule set

---

[1] That someone else was apparently hired to replace Plaintiff casts doubt on any claim that Defendant was seeking to reduce its workforce due to a downturn in business.

[2] The leave request was, however, approved.

forth in the February 2, 2008 scheduling order.

    IT IS SO ORDERED.

                                        **S/ Cameron McGowan Currie**
                                        **CAMERON MCGOWAN CURRIE**
                                        **UNITED STATES DISTRICT JUDGE**

**Columbia, South Carolina**
**November 13, 2008**